The People of the State of New York ex rel. Ernst Lindemann, Respondent, *v.* Theodore A. Bingham, as Police Commissioner of the City of New York, Appellant.

**New York (city of) — power of police commissioner to retire police officer who shall have reached the age of sixty years.**

Under section 355 of the Greater New York charter, the police commissioner has the power, upon his own volition, to dismiss and retire upon a pension any member of the police force who shall have reached the age of sixty years, other than an honorably discharged soldier or sailor of the Mexican or late Civil war.

*People ex rel. Lindemann* v. *Bingham,* 135 App. Div. 813, reversed.

(Argued March 14, 1910; decided April 5, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

February 4, 1910, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel defendant to reinstate the relator in the office of captain in the police force of the city of New York and granted said motion.

The facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel (James D. Bell* of counsel), for appellant. The defendant's action in retiring the relator was clearly within the discretionary powers conferred upon him by law. (*People ex rel. Metcalf* v. *McAdoo,* 48 Misc. Rep. 420 ; 109 App. Div. 892 ; 184 N. Y. 268 ; *People ex rel. Apfel* v. *Casey,* 11 App. Div. 211 ; *People ex rel. Price* v. *Bingham,* 125 App. Div. 722 ; 193 N. Y. 610 ; *People* v. *Pinckney,* 67 Hun, 428 ; *Matter of Stuyvesant R. E. Co.,* 40 Misc. Rep. 205 ; *People ex rel. Washburn* v. *French,* 47 Hun, 635 ; *Matter of Hodgins* v. *Bingham,* 196 N. Y. 123 ; 128 App. Div. 151.)

*Terence J. McManus* and *W. M. K. Olcott* for respondent. The police commissioner was without power to remove the relator. (*People ex rel. Mason* v. *McClave,* 99 App. Div. 89 ; *People ex rel. Maloney* v. *Douglass,* 195 N. Y. 149 ; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 49 ; *Polhemus* v. *F. R. R. Co.,* 123 N. Y. 502.)

CULLEN, Ch. J.    The question presented by this appeal is whether section 355 of the Greater New York charter empowered the police commissioner of that city to compulsorily retire the relator, a captain of police, who had passed the age of sixty years. The material part of that section reads as follows :

" Any member of the police force being of the age of fifty-five years who has or shall have performed duty on such police force as aforesaid for a period of twenty years or upwards, upon his own application in writing, may, or upon a certificate of so many of the police surgeons as the police commissioner

may require, showing a member of whatever age who has served twenty years is permanently disabled, physically or mentally so as to be unfit for duty, shall, by order of the police commissioner, be relieved and dismissed from said force and service and placed on the roll of the police pension fund, and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of a sum not less than one-half of the full salary or compensation of such member so retired ; and any member of the police force who has, or shall have performed duty on any such force aforesaid, for a period of twenty-five years or upwards, being of the age of fifty-five years, or any member of any such police force who is an honorably discharged soldier or sailor from the army and navy of the United States in the late civil war, who shall have reached the age of sixty years, or any such soldier or sailor who has performed duty on any such force for a period of twenty years, upon his own application in writing, provided there are no charges against him pending, must be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of the sum not less than one-half of the full salary or compensation of such member so retired ; *and the said commissioner may in like manner relieve and dismiss from the service and place on the roll of the police pension fund, and grant and award a pension to any member of said force other than an honorably discharged soldier or sailor of the Mexican or late civil war who shall have reached the age of sixty years.*" (The portion set forth in italics is the part of the statute under which the power of removal is claimed.)

The Special Term was of opinion that such power was conferred upon the commissioner. The learned Appellate Division entertained a contrary view, holding that the section authorized the commissioner to act only on the voluntary application of the relator himself.

An examination of the section shows that it embraces dis-

tinct classes.   1st. Members of the force fifty-five years old
who have served on the force for twenty years ; one of this
class may, on his own application, be retired by the commis-
sioner, but the action of the commissioner is discretionary ;
the member has not an absolute right to retirement.   2. Mem-
bers of any age who have served twenty years and are dis-
abled so as to be unfit for duty ; a member of this class must
be retired.   3. A member fifty-five years old who has served
for twenty-five years.   4. A veteran of the Civil war of the
age of sixty years.   5. A veteran, regardless of his age, who
has served on the force for twenty years.   Members of these
three last named classes have the absolute right to retire at
their election.   This brings us to the provision the construc-
tion of which is in dispute.   The learned Appellate Division
was of opinion that the expression "in like manner" meant
on the application of the member.   We entertain a contrary
view.   It is first to be observed that the exception " other
than an honorably discharged soldier or sailor of the Mexican
or late civil war " is parenthetical, and that the concluding
words " who shall have reached the age of sixty " refer to
the member of the force and not to the veteran.   Whichever
construction be adopted, whether retirement is at the com-
missioner's volition or on the application of the member, it is
plain that the power conferred upon the commissioner is dis-
cretionary, to be exercised or not as he may deem proper.
Now, if the exercise of the power is dependent on the appli-
cation of the member the status and rights of a member
reaching the age of sixty years are the same as those of one
of the age of fifty-five years who has performed police
duty for twenty years or upwards.   If the legislature
intended the status to be the same, it seems to me the pro-
vision would have been inserted at the commencement of
the section, which would then read : "Any member of the
police force being of the age of fifty-five years who has or
shall have performed duty on such police force as aforesaid
for a period of twenty years or upwards, or any member of
the force being of the age of sixty years or upwards, upon

his own application," etc.   That would be the place in the section where such a provision would naturally be found.   But there is a further and, to my mind, insuperable objection to the construction that has prevailed below.   That is the exception of veterans.   If retirement is to be made only on application there is no purpose which such exception subserves. The veteran had already been given the absolute right of retirement at his election.   In all our legislation, and in the Constitution itself, the veterans of the Civil war on account of their services have been made a preferred class. If, however, we construe the statute as authorizing compulsory retirement, then the purpose of the exception is plain. It was to exempt the veteran from the power conferred on the commissioner.   He is to have the right to serve until physically disqualified, regardless of age, while the tenure of others is subject to be terminated by the commissioner on arriving at the prescribed age.

It is urged that there is no reason why the city should be deprived of the services of an officer not disabled from continuing to discharge his duties and be burdened with his pension.   This is not without force, but the legislation is not anomalous in its character.   There are several cases where tenure of office is for life or for a long period for which compulsory retirement has been enacted.   Such is the law with officers of the army, of the navy, and, by express constitutional provision, with the judges of this and the other courts of the state.   The rule, doubtless, in particular cases, works hardship on the individual and often injury to the public interest.   But notwithstanding this the people deem that a general rule of the character is necessary.   It would seem chiefly necessary in the case of offices, the performance of the duties of which requires in a great degree physical vigor and alertness as well as mental qualifications.

Nor does the preceding section of the charter (§ 354), which is referred to in the opinion below, tend to support a contrary view to that which we have expressed.   That section does authorize the commissioner to retire and dismiss any

member of the police force " who shall have become disabled, physically or mentally, or superannuated by age so as to be unfit for police duty," but he is empowered to grant pensions only in two cases, where the disability occurs " while in the actual performance of duty and by reason of the performance of such duty," and where the member has served for more than ten years on the force. In each of these cases the limits of the pensions are between one-quarter and one-half of the salary the member has been receiving. So, if a member of the force sixty years old were to be dismissed as disabled under this section, if he had served less than ten years he could receive no pension, and if he had served for that time his pension might be as low as a quarter of his salary; while if retired under the provisions of section 355, which we have discussed, he would be entitled to receive, at the least, one-half of his salary.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in both courts.

HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur; HISCOCK and CHASE, JJ., dissent.

Order reversed, etc.